UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BETA TECHNOLOGY, INC.

VERSUS                                            CIVIL ACTION

STATE INDUSTRIAL PRODUCTS                         NUMBER 06-735-SCR
CORPORATION, ET AL

**RULING ON MOTION TO DISMISS NONDIVERSE DISPENSABLE PARTY**

Before the court is a Motion to Dismiss Non-diverse Dispensable Party Pursuant to Rule 41(a)(2) or Rule 21, or to Amend Complaint pursuant to Rule 15(a) filed by plaintiff Beta Technology, Inc. Record document number 61. The motion is opposed by the defendants.[1]

Plaintiff's motion is a response to the information, now contained in the record, which establishes that at the time the complaint was filed on September 28, 2006, defendant Eric Pousson was domiciled in Texas. Therefore, diversity was not complete when the suit commenced and the court lacks subject matter jurisdiction under 28 U.S.C. § 1332.[2]

---

[1] Record document number 62. Plaintiff also filed a reply memorandum. Record document number 65.

[2] Diversity jurisdiction is lacking because the plaintiff is a Texas corporation and at the time the complaint was filed Pousson's Texas domicile made him a citizen of Texas. It is unnecessary to repeat the course of events that led to the discovery of these facts. A summary of the events and the relevant documents can be found in record document numbers 57-60, the plaintiff's supporting memorandum, and the defendants' opposition

(continued...)

Considering the record, the parties' arguments and the applicable law, the court finds that the plaintiff's motion to dismiss Pousson without prejudice under Rules 41(a)(2) and 21, Fed.R.Civ.P., is well-founded.

## **The Parties' Arguments**

In order to establish and preserve the court's subject matter jurisdiction over this case, the plaintiff moved to dismiss Pousson without prejudice under Rules 41(a)(2) and 21, or in the alternative to amend the complaint to delete all the claims against him. Plaintiff maintained that Pousson can be dismissed from this action because he is not an indispensable party under Rule 19, Fed.R.Civ.P. Plaintiff argued that Pousson is not indispensable because defendant Pousson and the other individual defendants each had their own separate employment contracts with Beta, and defendant State Industrial Products Corporation did not have an employment contract with Beta. With regard to the tort claims alleged against the defendants, the plaintiff argued that even if Pousson is a joint tortfeasor, joint tortfeasors are not considered indispensable parties. Regarding Pousson's counterclaim, Beta asserted that he can assert his counterclaim in the new state court. Thus, Pousson's dismissal will not prejudice him or the remaining defendants.

---

[2](...continued)
memorandum.

In the alternative, the plaintiff asserted that there is good cause and the interest of justice would be served by allowing an amendment to delete the claims against Pousson under Rule 15(a). Plaintiff pointed out that there was no delay in filing the motion once Pousson's domicile was confirmed.  In addition, the amendment will avoid further delay and wasting the effort already expended on the case, and no prejudice will result because Pousson is a dispensable party.

Defendants initially argued that the express terms of Rule 41(a)(2) prevent voluntary dismissal of Pousson because he objects to the dismissal and he has a counterclaim that cannot remain pending if the plaintiff's motion is granted.[3]  Defendants argued further that the dismissal of Pousson's counterclaim over his objection would be patently unfair.

Defendants also asserted that the plaintiff's argument that Pousson is not an indispensable party is unsupported. According to the defendants, the suit filed by the plaintiff on April 24, 2008 in state court alleging the same claims brought in this court against State Industrial, Pousson, Cronin and East demonstrates that Pousson is an indispensable party to his action.  Defendants also argued that the plaintiff's current argument that Pousson is

---

[3] Pousson alleged a counterclaim for unpaid wages, statutory penalties, attorney's fees and costs under Louisiana's wage payment statute, LSA-R.S. 23:631.  Record document number 30, Defendants' First Amended Answer and Counterclaims.

dispensable is inconsistent with its summary judgment position that its claims against all of the defendants rest primarily on the alleged actions of Pousson.

Defendants maintained that dismissing Pousson's claims over his objection would be unduly prejudicial to him and the other defendants because: (1) three of the defendants would have to defend the claims against them in two courts, presenting a risk of inconsistent findings and judgments and increased legal costs for them; (2) Pousson would have to defend against the plaintiff's claims in state court as well as prosecute his counterclaims, while East and Cronin would have to prosecute their similar counterclaims in this court; (4) State Industrial will be prejudiced because the claim that it is vicariously liable for Pousson's breach of contract and tortious acts will be determined by two different fact finders, and (5) the defendants would be subjected to the burden of having to litigate the case piecemeal in two different forums at the same time based on the same set of operative facts.  Therefore, fairness and economy require that the defendants be allowed to present their common defenses in response to the common claims alleged against them in the same court.[4]

If court grants the plaintiff's motion for voluntary dismissal, the defendants requested the following conditions to

---

[4] Defendants did not specify what common defenses they should be allowed to present in the same judicial forum.

prevent undue prejudice: (1) dismissing the claims against Pousson with prejudice; (2) staying this case until the state court suit against Pousson is concluded if an adverse judgment is rendered on any of the tort claims asserted against the defendants remaining here; (3) an order providing that Pousson may use all discovery conducted in this case in the state court case, and (4) an award of attorney's fees and costs incurred by the defendants in connection with the jurisdictional issue.

## Applicable Law

The portion of Rule 41 applicable to the plaintiff's motion for voluntary dismissal provides as follows in subsection (a)(2):

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Under Supreme Court and Fifth Circuit jurisprudence, Rule 21 invests the district court with authority to dismiss a dispensable nondiverse party to cure a jurisdictional defect.[5] *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832, 109 S.Ct. 2218 (1989); *Dayton v. Independent School Dist. v. U.S. Mineral Products Co.*,

---

[5] Rule 21 states in relevant part: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party."

906 F.2d 1059, 1067 (5th Cir. 1990).

> Federal Rule of Civil Procedure 21 empowers a district court to drop a nondiverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction. In order to determine whether [the nondiverse party] is a necessary and indispensable party, the Court must employ the two-step inquiry set forth in Federal Rule of Civil Procedure 19. (internal citations and quotations omitted).

*Evert v. Finn*, 2000 WL 135847 (E.D. La. Feb. 4, 2000).

First, under Rule 19(a) the Court must determine whether the nondiverse party is a necessary party by asking whether (1) in their absence the court cannot grant complete relief among existing parties, or whether (2) the nondiverse party claims an interest relating to the subject of the action and is so situated that disposing of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. If either of these tests is met, and the court cannot retain the party and at the same time retain jurisdiction, under Rule 19(b) the Court must consider whether in equity and good conscience the action should proceed among the existing parties, or should be dismissed. The factors for the court to consider include: (1) to what extent a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice can be lessened or avoided by protective provisions in

the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. *Id.; Shell Western E & P Inc. v. Dupont*, 152 F.R.D. 82 (M.D. La. 1993).

The effect on the parties and on the litigation process is the fulcrum of the decision as to whether a party is necessary and indispensable. *Broussard v. Columbia Gulf Transmission Company*, 398 F.2d 885, 888-89 (5th Cir. 1968); *McAuslin v. Grinnel Corp.*, 2000 WL 1059850 (E.D. La. Aug. 1, 2000).

## Analysis

Defendants' initial argument that the plaintiff's motion to dismiss must be denied based on the plain language of Rule 41(a)(2) is unpersuasive. It would not make sense to apply this language in these circumstances, because the counterclaim cannot remain pending for independent adjudication for the same reason the plaintiff seeks dismissal - there is a lack of diversity of citizenship between the plaintiff and the defendant, and hence a lack of subject matter jurisdiction under § 1332. This conclusion is supported by the purpose of the rule. "The purpose of this portion of the rule is to preserve the district court's jurisdiction over the parties and the counterclaim." 9 Wright & Miller, Federal Practice and Procedure: Civil 3d § 2365. Since application of the rule urged by the defendants could not preserve the court's

jurisdiction over the parties and the counterclaim, Rule 41(a)(2) does not preclude granting the plaintiff's motion under Rule 41.

The decision relied on by the plaintiff is also persuasive. In *Sams v. Beech Aircraft Corp.*,[6] defendant Beech made the same argument which the defendants advance in this case, i.e., that the court had to dismiss the entire action because the defendants objected to the plaintiff's motion to dismiss under Rule 41(a)(2), and the counterclaim could not remain pending for adjudication because the parties were nondiverse. Relying on Ninth Circuit precedent and federal treatises,[7] the court stated that when an objection is based on an improper counterclaim, which in *Sams* was a lack of subject matter jurisdiction, it did not prevent dismissal under Rule 41(a)(2) because the counterclaim was not entitled to independent adjudication. *Sams*, 625 F.2d at 277. In other words, the objection is irrelevant when the counterclaim cannot remain pending because it suffers from the same jurisdictional defect which is the basis for the plaintiff's motion to dismiss. Defendants' attempt to distinguish *Sams* and argue that it is not persuasive in the context of this case is unconvincing.[8] The fact

---

[6] 625 F.2d 273 (9th Cir. 1980).

[7] *Sams*, 625 F.2d at 277, citing, Wright & Miller, *supra*; 5 Moore's *Federal Practice* ¶ 41.09, p. 41-111.

[8] Defendants relied on the language of Rule 41(a)(2) and attempted to distinguish *Sams*, but otherwise did not cite any controlling or persuasive authority in support of their argument.

that the *Sams* case involved a motion to dismiss an intervenor over which the plaintiff had no control, did not play any part in the court's analysis and reasoning.  The holding rested squarely on an interpretation of the language and purpose of Rule 41(a)(2).  This ground for denying the plaintiff's motion and dismissing the entire case is rejected.

The assertions that Pousson's dismissal will cause the defendants undue prejudice are essentially speculative and unsupported.  It is apparent from the timing and substance of the state court petition filed by the plaintiff, that the suit was filed to protect the plaintiff's right to assert its claims in the event of a dismissal in this court.  Defendants failed to explain how the plaintiff's state court suit demonstrates that Pousson's presence is essential to this action.  That Pousson may provide important evidence against all of the defendants is also not an indication that Pousson is an indispensable party, or that his dismissal will result in undue prejudice to him or the other defendants.  If Pousson is dismissed and the action proceeds here against the remaining defendants, his testimony as a witness may still be used in connection with the summary judgment motions or at trial.

Defendants also claim undue prejudice as a result of having to litigate in both state and federal court, citing a risk of inconsistent findings and increased legal costs.  Again, this

argument is unsupported. If Pousson is dismissed and the case proceeds here against the remaining defendants, the plaintiff intends to pursue in state court only the breach of contract and tort claims alleged against Pousson. In these circumstances there is no risk of inconsistent findings and increased legal costs to the defendants remaining in this case. These defendants will not have to incur the costs of litigating in two forums.[9] Pousson and the other individual defendants each have their own separate employment contract with the plaintiff. The liability of each individual defendant will be determined based on the evidence relevant to the claims against him or her.[10] Pousson's presence or absence as a party here does not change this. The only difference is that Pousson's liability will be determined by the trier of fact in state court. Defendant State Industrial also does not face an unfair risk of determination of its liability and damages by two

---

[9] Plaintiff stated its intention to amend the state court suit to dismiss all parties except Pousson if this case is allowed to go forward here against the other defendants. Record document number 65, plaintiff's reply memorandum, p. 3.

[10] All of the tort claims alleged against the defendants are intentional torts, except for a negligent misrepresentation claim alleged against Cronin, Pousson and East. Under Louisiana law the liability of intentional tortfeasors is solidary. Louisiana Civil Code Article 2324.A. Joint tortfeasors are generally not treated as indispensable parties. *See*, *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7, 111 S.Ct. 315, 316 (1990), citing, Advisory Committee Notes to Rule 19; *American Home Assur. Co. v. Bernauer*, 2007 WL 1812573 (W.D. La. June 19, 2007) (civilian concept of solidary liability is synonymous with common law phrase of joint and several liability).

different fact finders on the issue of vicarious liability.  State Industrial's vicarious liability is based on Pousson being found liable.  If the plaintiff is allowed to dismiss Pousson and proceed against him in state court, his liability will be determined in only one place - state court.

Defendants asserted that it is patently prejudicial to Pousson to grant the plaintiff's motion to dismiss because it will result in the involuntary dismissal of his counterclaim over his objection.  Contrary to the defendants' assertion, there is no obvious prejudice.  There is no obvious barrier, and Pousson has not identified any barrier, to bringing his counterclaim in the state court suit.

Defendants complain about the burden of having to litigate piecemeal fashion.  But there is no basis to conclude that the time and expense resulting from Pousson's dismissal is any greater than the delay and costs that would result if the whole case is dismissed and all the parties have to proceed anew in state court.[11]  The fact that the plaintiff's claims against one of the defendants will have to be litigated in state court is a burden borne by both sides.  This is simply a consequence of the limited jurisdiction of the federal courts.

The conditions requested by the defendants in the event the

---

[11] *See*, *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (under Rule 41(a)(2) prospect of second lawsuit is not legal prejudice).

court dismisses Pousson, are also not warranted. There is no basis to dismiss the plaintiff's claims against Pousson with prejudice. Pousson has not established that dismissal from this case will deprive him of any claim or defense or otherwise cause him undue prejudice. Nor did the defendants cite any valid reason or apparent prejudice that justifies a future stay of this litigation as a condition of dismissal.[12] While this court cannot order the state court to allow Pousson to use the discovery conducted in this case, the parties are free to reach an agreement for use in the state court case of any evidence obtained through discovery in this case. Should they fail to do so, either party could seek relief from the state court.

Finally, the defendants asserted that Pousson is entitled to an award of the attorney's fees and costs incurred in connection with the subject matter jurisdiction issue that gave rise to this motion. For this argument the defendants cited 28 U.S.C. § 1919 and *Hall v. Cole*.[13] However, there is no basis for an award of fees and costs under either of these authorities. The "just costs" which the court may order under § 1919 do not include attorney's

---

[12] In the event of an adverse judgment on any tort claim asserted against the remaining defendants, the defendants requested an order staying this litigation until resolution of the state court case against Pousson.

[13] 412 U.S. 1, 5, 93 S.Ct. 1943, 1946 (1973).

fees.[14]  There is clearly nothing in the record to support an order for the plaintiff to pay attorney's fees based on bad faith conduct.[15]

There is also no basis for the court to exercise its discretion to award costs to the defendants.  Contrary to the defendants' assertions, none of the attorney's fees and costs incurred were unnecessary.  Throughout this litigation the plaintiff understandably relied on the answer in which Pousson admitted that he was domiciled in Illinois.  The court became aware of the jurisdictional problem when reviewing the evidence in connection with the motion for summary judgment. The court was required to raise the issue and ordered the parties to address it. In addition to discussing the issue at status conferences, resolving the issue required filing documents and Pousson's affidavit.  There is certainly no basis for the defendants' argument that the fees and costs they incurred in connection with establishing Pousson's domicile were incurred needlessly. Rather, they were entirely necessary.

## Conclusion

Defendants' arguments that Pousson should not be dismissed

---

[14] *Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 49 (5th Cir. 1981).

[15] *Hall*, supra; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 2133 (1991).

because he is a necessary and indispensable party under Rule 19 are unsupported and unpersuasive.  Consideration of the factors under Rule 19, and the authority invested in the court under Rules 21 and 41, supports the conclusion that the plaintiff's motion for voluntary dismissal of Pousson without prejudice should be granted.[16]

Accordingly, the Motion to Dismiss Non-diverse Dispensable Party pursuant to Rule 41(a)(2) or Rule 21 or to Amend Complaint Pursuant to Rule 15(a) filed by plaintiff Beta Technology, Inc., is granted.

Pursuant to Rules 41(a)(2) and 21, defendant Eric Pousson is dismissed as a party, without prejudice.[17]

Baton Rouge, Louisiana, July 14, 2008.

*signature: Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[16] Defendants stated that if the plaintiff's motion is granted they should be allowed to submit supplemental briefs in support of their summary judgment motion.  This request and the need for any additional memoranda on the summary judgment motions will be discussed at the next status conference.

[17] Since the motion to dismiss is granted, it is unnecessary to address the plaintiff's alternative motion to amend under Rule 15(a).