UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BETA TECHNOLOGY, INC.

VERSUS

STATE INDUSTRIAL PRODUCTS
CORPORATION, ET AL

CIVIL ACTION

NUMBER 06-735-SCR

**SUPPLEMENTAL RULING ON MOTION FOR SUMMARY JUDGMENT**

Before the court is a Motion for Summary Judgment filed by defendants State Industrial Products Corporation, Tom Schlessinger, Rebecca Cronin, and Leonard East. Record document number 40. The motion is opposed by plaintiff Beta Technology.[1]

Defendants moved for summary judgment on the following claims alleged by the plaintiff: breach of contract, tortious interference with business relations, tortious interference with contracts, defamation, unfair trade practices, breach of fiduciary duty, fraudulent concealment, negligent misrepresentation and civil conspiracy. A ruling has been issued, denying the defendants' motion for summary judgment on the breach of contract claims alleged against defendants Rebecca Cronin and Leonard East.[2] This ruling addresses the remaining claims against Cronin and East on

---

[1] Record document number 48. Defendants also filed a reply memorandum. Record document number 70.

[2] Record document number 72.

which the defendants are seeking summary judgment.[3]  A second supplemental ruling will be issued on the claims against State Industrial and Tom Schlessinger.

## **Applicable Law**[4]

### **Tortious Interference with Business Relations**

Louisiana law recognizes a cause of action under Louisiana Civil Code article 2315, for tortious interference with business relations. *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 10 (5th Cir. 1992); *JCD Marketing v. Bass Hotels and Resorts*, 2001-1096 (La.App. 4 Cir. 3/6/02), 812 So.2d 834, 841.  While an individual, regardless of motive, has an absolute right to refuse to deal with another, the right to influence others not to deal is not as broad. Therefore, Louisiana law protects a business from malicious and wanton interference, and permits only interference designed to protect a legitimate interest of the actor.  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 602 (5th Cir. 1981).  The law requires a showing of improper influence, that is, that the interference was improper and intentional.  Plaintiff must prove that the defendant acted with actual malice.  *Id.*; *Brown v. Romero*, 2005-1016 (La.App.

---

[3] This ruling does not repeat the background facts set forth in the previous ruling, but does include and discuss facts relevant to the motion that were not set forth in the September 9 ruling.

[4] The summary judgment standard is not cited again.  Only the Louisiana law applicable to each claim on which the defendants are moving for summary judgment is discussed.

3 Cir. 2/1/06), 922 So.2d 742, 747; *JCD Marketing*, *supra*; *L-3 Communications Westwood Corp. v. Robichaux*, 2008 WL 577560 (E.D. La. Feb. 28, 2008).  A claim for tortious interference with business is distinct from a claim for tortious interference with a contract.  *Restivo v. Hanger Prosthetics & Orthotics, Inc.*, 483 F.Supp.2d 521, 537 (E.D. La. 2007).

**Tortious Interference with Contractual Relations**

In *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228 (La. 1989), the Louisiana Supreme Court recognized a narrowly drawn action for intentional interference with contractual rights arising out of a corporate officer's narrowly defined duty to refrain from intentional and unjustified interference with the contractual relation between his employer and those with whom his employer contracts.  *Id.*; *Inka's S'Coolwear, Inc. v. School Time, L.L.C.*, 97-2271 (La.App. 1 Cir. 11/6/98), 725 So.2d 496.  The court in *Spurney* set forth the duty of a corporate officer to refrain from intentional and unjustified interference with the contractual relations between the corporation (his employer) and a third person.  The court established the following elements of proof: (1)the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentionally making its performance impossible or more

burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer. *Spurney*, 538 So.2d at 234. There is absence of justification only if the officer acted outside the scope of his authority or acted knowingly contrary to the interest of the corporation. *Id.*, at 235; *Kite v. Gus Kaplan, Inc.*, 1998-0715 (La.App. 3 Cir. 11/17/99), 708 So.2d 473, 480-481, *aff'd in part, rev'd in part*, 747 So.2d 503 (La. 1999).

Louisiana law does not permit a cause of action for tortious interference with a contract against anyone other than an officer of a corporation. *Hibernia Community Development Corp., Inc. v. U.S.E. Community Services, Inc.*, 166 F.Supp.2d 511, 514 (E.D. La. 2001).

**Defamation**

Defamation is a tort involving the invasion of a person's interest in his or her reputation and good name. *Costello v. Hardy*, 2003-1146 (La. 1/21/04), 864 So.2d 129, 139; *Mbarika v. Board of Sup'rs of Louisiana State University*, 2007-1136 (La.App. 1 Cir. 6/6/08), 2008 WL 2330216, ____ So.2d ____. Four elements are necessary to establish a claim for defamation: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Id.*, quoting

4

*Trentecosta v. Beck*, 96-2388 (La. 10/21/97), 703 So.2d 552, 559; *Restatement (Second) of Torts* § 558 (1977).

Defamatory words are traditionally classified into two categories - defamatory per se and those that are susceptible of a defamatory meaning. *Costello*, 864 So.2d at 140. Words that expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances are considered defamatory per se. *Id.* Words that are susceptible of a defamatory meaning are words that tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person or otherwise expose a person to contempt and ridicule, and convey an element of personal disgrace, dishonesty or disrepute. *Palmer v. Ameriquest Mortg. Co.*, 41,576 (La.App. 2 Cir. 12/13/06), 945 So.2d 294, 299.

The fault requirement is generally referred to in the jurisprudence as malice, either actual or implied. *Costello*, 864 So.2d at 139. In a case that does not involve a public figure, malice means a lack of a reasonable belief in the truth of the statement giving rise to the defamation. *Id.* at 143. Proof of the truth or substantial truth of a defamatory remark is a valid defense in a civil suit for defamation. *Batiste v. Guiteau*, 413 So.2d 559, 563 (La.App. 1 Cir.), *writ denied*, 414 So.2d 776

5

(La.1982). Pure statements of opinion based totally on the speaker's subjective view, that do not expressly state or imply the existence of underlying facts, usually are not actionable. *Associated Profession Educators of La. v. Louisiana Federation of Teachers*, 43,214 (La.App. 2 Cir. 4/30/08), 981 So.2d 242, 245, *citing*, *Bussie v. Lowenthal*, 535 So.2d 378 (La. 1988). This is because falsity is an indispensable element of any defamation claim and a purely subjective statement can be neither true nor false. The difference between a statement of fact and an opinion depends on whether ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker's or writer's opinion, or as a statement of existing fact. *Id*.

**Louisiana Unfair Trade Practices Act**

The Louisiana Unfair Trade Practices Act ("LUTPA") provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. LSA-R.S. 51:1405A. The statute grants a private cause of action to "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice." LSA-R.S. 51:1409A.[5] Despite the statute's broad

---

[5] "Person" is defined under the statute as a natural person, corporation, trust, partnership, incorporated or unincorporated

6

provisions, the Fifth Circuit has relied on several Louisiana court of appeal decisions to adopt a narrow interpretation which limits the cause of action to consumers and business competitors. *Gardes Directional Drilling v. U.S. Turnkey Exploration Co.*, 98 F.3d 860, 868 (5th Cir. 1996), *citing*, *Delta Truck & Tractor v. J.I. Case Co.*, 975 F.2d 1192 (5th Cir. 1992).[6]

The LUTPA law is broad and does not specify particular actions that violate the statute. An unfair trade practice is one that offends established public policy and is unethical, oppressive, unscrupulous, or substantially injurious to consumers and business competitors. *Shaw, supra*; *Strahan v. State of Louisiana*, 93-0374 (La.App. 1 Cir. 8/25/94), 645 So.2d 1162, 1165. Therefore, to recover under the LUTPA the plaintiff must prove some element of fraud, misrepresentation, deception or other unethical conduct. *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir. 1994), *cert. denied*, 513 U.S. 815, 115 S.Ct. 71 (1994). The statute prohibits fraud, misrepresentation, deception, but not mere negligence. *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 653 (5th Cir. 1997). Generally, what constitutes unfair competition, or unfair or deceptive acts or practices, must be determined on a case by case basis. The thrust of the LUTPA, which is modeled after the

---

association and any other legal entity. LSA-R.S. 51:1402(8).

[6] *See also, Shaw Industries, Inc. v. Brett*, 884 F.Supp. 1054, 1057 (M.D. La. 1994); *Hamilton v. Business Partners, Inc.*, 938 F.Supp. 370, 373 (E.D. La. 1996).

Federal Trade Commission Act, is to deter injury to competition. The LUTPA does not prohibit sound business practices, exercising permissible business judgment or appropriate free enterprise transactions. *Id.*; *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993).

### Breach of Fiduciary Duty

Employees owe a duty of fidelity to their employers. *ODECO Oil & Gas Co. v. Nunez*, 532 So.2d 453, 462 (La.App. 1 Cir. 1988), *writ denied*, 535 So.2d 745 (La. 1989); *Restivo*, *supra*.

> An employee is duty bound not to act in antagonism or opposition to the interest of the employer. Every one, whether designated agent, trustee, or servant, who is under contract or other legal obligation to represent or act for another in any particular business or line of business must be loyal and faithful to the interest of such other in respect to such business or purpose. *Boncosky Services, Inc. v. Lampo*, 98-2239 (La.App. 1 Cir. 11/5/99), 751 So.2d 278, 287, *writ denied*, (La.3/24/00), 758 So.2d 798.

*Restivo*, 483 F.Supp.2d at 534-535.

Generally, an employee's breach of his fiduciary duty is contemplated in instances when an employee has engaged in dishonest behavior or unfair trade practices for the purpose of his or her own financial or commercial benefit. *Id.* The question of whether a former employee breached a fiduciary duty to a former employer primarily turns on whether the dishonest acts, and/or misuse of confidential, proprietary information done for the purpose of the employee's own benefit, occurred prior to the termination of the

employment relationship. *L-3 Communications Westwood Corp.*, *supra*.

### Fraudulent Concealment

Under Louisiana Civil Code article 1953 fraud is defined as: "[a] misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." Fraudulent intent, which is the intent to deceive, is a necessary element of fraud. *Whitehead v. American Coachworks, Inc.*, 2002-0027 (La.App. 1 Cir. 12/20/02), 837 So.2d 678, 682. Fraud cannot be based on mistake or negligence, no matter how gross. *Id.*; *Cortes v. Lynch*, 2002-1498 (La.App. 1 Cir. 5/9/03), 846 So.2d 945, 950.

### Negligent Misrepresentation

Under Louisiana Civil Code article 2315, a party may recover in tort for economic losses caused by negligent misrepresentation. For the cause of action to arise, whether the plaintiff is a third party or a party to the contract/transaction, there must be a legal duty on the part of the defendant to supply correct information, there must be a breach of that duty, which can occur by omission as well as by affirmative misrepresentation, and the breach must have caused the plaintiff damage. *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1015-16 (La. 1993); *Kadlec Medical Center v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008).

**Civil Conspiracy**

Article 2324 provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable in solido, with that person, for the damage caused by such act." Article 2324, however, does not by itself impose liability for a civil conspiracy. "The actionable element in a claim under this Article is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part." *Butz v. Lynch*, 97-2166, p. 6 (La.App. 1st Cir.4/8/98), 710 So.2d 1171, 1174, *writ denied*, 98-1247 (La.6/19/98), 721 So.2d 473.

*Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02), 828 So.2d 546, 551-552.

Thus, the cause of action is not the conspiracy but the tort the alleged conspirators agreed to perpetrate and which they actually committed in whole or in part. *Clark v. America's Favorite Chicken Co.*, 916 F.Supp. 586, 596 (E.D. La. 1996). In addition to proving the underlying tort, to establish a civil conspiracy, the plaintiff must prove that an agreement existed between two or more persons to commit an the illegal or tortious act which resulted in the plaintiff's injury. *Sullivan v. Wallace*, 37,399 (La.App. 2 Cir. 10/20/03), 859 So.2d 245, 248; *Butz v. Lynch*, 97-2166 (La.App. 1 Cir. 4/8/98), 710 So.2d 1171, 1174.

### Analysis

**Tortious Interference with Contractual Relations**

Defendants argued that they are entitled to summary judgment on the plaintiff's claim for tortious interference with contractual

relations.  Plaintiff did not dispute or even address this argument.  The summary judgment record demonstrates that the defendants' motion on this claim is well-founded.  Under *Spurney*, the duty to refrain from intentional and unjustified interference with the contractual relationship between a company and those with whom it contracts is a duty limited to an officer of the corporation.  There is no evidence in the record that either Cronin or East are corporate officers of any corporate entity.

**Tortious Interference with Business Relations, Defamation, Unfair Trade Practices, Breach of Fiduciary Duty, Fraudulent Concealment, Negligent Misrepresentation, and Civil Conspiracy**

Defendants argued that the plaintiff has no competent summary judgment evidence to support these claims alleged against Cronin and East.  Rather than set forth these claims separately and cite the arguments and evidence related to each defendant, the plaintiff essentially asserted that all of the evidence demonstrates that there is a genuine dispute for trial as to all of the claims.  As to both Cronin and East this evidence consists of facts related to the breach of their employment contracts, and as to Cronin there is some deposition testimony that she told customers negative things about Beta Technology.  Simply put, this evidence is insufficient to demonstrate that there is a genuine dispute for trial on these multiple claims based in tort and unfair trade practices.

With regard to Cronin, the plaintiff cited excerpts from the

deposition of Joel Wahlberg and Leigh Meyers.[7]  Plaintiff argued that this evidence shows that as a sales person for State Industrial, Cronin made negative, false statements about Beta Technology to customers in order to dissuade them from doing business with Beta Technology and encourage them to buy from State Industrial.  This testimony is clearly based on information the witnesses obtained from customers, and in the case of Meyers, information that was obtained from Pousson, who heard it from customers.  This evidence is hearsay and cannot be considered in determining whether there is a genuine dispute for trial.[8]

The undisputed facts that established East's and Cronin's breach of their post employment obligations have been cited and discussed in the previous ruling.  This evidence demonstrated that within a two year period after their termination as Beta Technology employees, Cronin and East sold State Industrial's products to former customers in the geographic areas designated in the addendum to their respective employment agreements.

Other undisputed facts, which were not relevant to the breach of contract claim, are relevant to the unfair trade practices and tort claims alleged against Cronin and East.  These facts showed

---

[7] Record document number 48, Plaintiff Memorandum in Opposition, p. 13.

[8] Hearsay is not competent summary judgment evidence.  *Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507, 510 n.5 (5th Cir. 2001).

that before going to work for State Industrial, Cronin obtained some legal advice from a family member of a friend, and based on that information believed that her contract was not enforceable.[9] Cronin did not discuss her Beta Technology business activities/ accounts with State Industrial either before or after she left employment with Beta Technology.[10]  Cronin stated that she did not try to convince the customers she called on to stop doing business with Beta Technology and to only do business with State Industrial, and that she did not solicit Beta Technology employees to quit and go to work for State Industrial, or tell them to leave Beta Technology because it was a terrible place.[11]

The facts also showed that East believed he had satisfied his post employment obligations because it had been two years since he had worked in the area designated in his July 2004 agreement.  East testified that he did not encourage or offer any incentives to his former customers to stop doing business with Beta Technology, or change their business from Beta Technology to State Industrial.  He also testified that he was not involved in any conversations or efforts to recruit employees to leave Beta Technology and go to work for State Industrial, he did not disclose any confidential information, nor was he asked by State Industrial to disclose any

---

[9] Cronin depo., pp. 63, 70, 91-92.

[10] *Id.* p. 72.

[11] *Id.* pp. 101, 107-08.

confidential information as a condition of his employment.[12]

Plaintiff presented no evidence to contradict these facts, nor any competent summary judgment evidence that Cronin or East tried to get any employees to leave Beta Technology or communicated false information or misrepresentations to anyone about Beta Technology.[13] With regard to its employees or customers, the plaintiff did not offer any evidence of actions taken during or after East and Cronin's employment with Beta Technology that can reasonably be construed as intentionally false, malicious, deceptive, dishonest, fraudulent or unscrupulous. These are essential elements of claims for tortious interference with business relations, defamation, unfair trade practices, breach of fiduciary duty, fraudulent concealment, negligent misrepresentation and civil conspiracy. Without such evidence, the plaintiff cannot demonstrate that there is a genuine dispute for trial as to these claims against Cronin and East.

---

[12] East depo., pp. 30, 70-71, 91, 94, 98, 119-21. In its discussion of the claims for defamation, unfair trade practices, fraudulent concealment, negligent misrepresentation and tortious interference with business, the plaintiff did not even argue that East's conduct was egregious or malicious, and did not specifically cite or discuss any evidence related to East. Record document number 48, opposition memorandum, pp. 11-17.

[13] Meyers depo., pp. 37-38, 47, 51, 61-63; Wahlberg depo., p. 56. Meyers is currently the president of Beta Technology. Plaintiff exhibit 4. Wahlberg is the plaintiff's chief executive officer.

**Conclusion**

Accordingly, the defendants' Motion for Summary Judgment is granted in part.  Summary Judgment is granted as to the following claims against defendants Rebecca Cronin and Leonard East: tortious interference with contractual relations, tortious interference with business relations, defamation, unfair trade practices, breach of fiduciary duty, fraudulent concealment, negligent misrepresentation and civil conspiracy.

Baton Rouge, Louisiana, September 15, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE